**E-FILED**
Friday, 07 September, 2012  01:22:25 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FARIN A. WELLS,                           )
                                          )
      Petitioner,                    )
                                          )
 v.                                       )          No. 11-cv-3261
                                          )
MARCUS HARDY,                             )
                                          )
      Respondent.                    )

## OPINION

RICHARD MILLS, U.S. District Judge:

The Petition for a Writ of Habeas Corpus [d/e 1] of Petitioner

Farin A. Wells will be dismissed as untimely.

I.

In early 2004, employees of the Illinois Department of Children

and Family Services became aware of allegations that the Petitioner had

repeatedly sexually abused his three step-children.

In October 2005, a jury of the Circuit Court of Mason County,

Illinois, found the Petitioner guilty of five counts of predatory criminal

sexual assault, three counts of aggravated criminal sexual abuse, and two

counts of criminal sexual assault.  The Petitioner's post-trial motion was denied.

In December 2005, the Petitioner was sentenced to the following terms of imprisonment: natural life, fifteen years, ten years, and five years.

The Petitioner appealed to the Appellate Court of Illinois, Fourth Appellate District.  The Appellate Court affirmed the judgment of the Circuit Court of Mason County in a 45-page unpublished order on June 25, 2007.

There is no information in the record to suggest that the Petitioner sought further direct review in the Supreme Court of Illinois or the Supreme Court of the United States.

On March 26, 2008, the Petitioner filed a petition for post-conviction relief in the Circuit Court of Mason County, Illinois.  The petition was denied by the Circuit Court on February 27, 2009.  The Petitioner appealed, and the Appellate Court of Illinois affirmed the Circuit Court in an eight-page order, entered February 24, 2010.  The

Petitioner filed a petition for leave to appeal, which the Supreme Court of Illinois denied on September 29, 2010.

The Petitioner filed a petition for a writ of certiorari with the Supreme Court of the United States on December 13, 2010. The Supreme Court denied the petition on February 22, 2011.

The Petitioner signed the instant Petition [d/e 1] on July 29, 2011, and it was received by the Clerk of Court on August 1, 2011. He raised four claims: (1) there was insufficient physical evidence for him to be convicted of the offenses, (2) alleged improper admission of tapes, (3) allegedly inexperienced trial counsel failed to challenge a juror for cause, and (4) the natural life sentence imposed was excessive for a first-time offender.

The Respondent's Motion to Dismiss was filed on September 21, 2011. The Respondent argued that the Petition was untimely.

The Petitioner filed a Response to the Motion to Dismiss on September 28, 2011. The Petitioner argued that he is inexperienced in legal matters, that he was given incorrect and incomplete advice regarding post-conviction remedies and deadlines, and he invoked the

doctrine of equitable tolling.  The Petitioner states that extraordinary circumstances exist, and that he has diligently pursued his rights at each stage of the proceedings.  The Petitioner supplied the dates of procedural events, according to his records.  The Petitioner also requested that the Court grant a certificate of appealability should it dismiss his Petition.

In his one-paragraph Reply filed on September 29, 2011, the Respondent stated that he would rest on the facts, exhibits, and law cited in the Motion to Dismiss.

## II.

### A.

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the Rules Governing Section 2254 Cases.

AEDPA provides, in part:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Court notes that the Petitioner has not alleged that § 2244(d)(1)(B), (C), or (D) apply in this case.  Therefore, the Court will look to § 2244(d)(1)(A).

The Petitioner's conviction became final 35 days after the Appellate Court affirmed his conviction and sentence, because he did not file a petition for leave to appeal in the Supreme Court of Illinois.  *See* Ill. Sup. Ct. R. 315(b); *Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000).  The Appellate Court of Illinois entered its order on June 25, 2007, so August 1, 2007 is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

B.

AEDPA contains a tolling provision that protects petitioners as they seek review in state post-conviction proceedings. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

To determine when the state post-conviction proceeding was pending, the Court looks to state law. *See Wilson v. Battles,* 302 F.3d 745, 747 (7th Cir. 2002).

The Petitioner's post-conviction motion was filed on March 26, 2008. Although the time that the state post-conviction application is pending is tolled, the time to prepare the application is not tolled. Therefore, the period between August 1, 2007, and March 26, 2008, is not tolled.

The state post-conviction proceedings ended on September 29, 2010, when the Supreme Court of Illinois denied the petition for leave to appeal. The Court will not count the time to prepare the petition for a

6

writ of certiorari or the time said petition was pending.  The pursuit of Supreme Court review of state post-conviction proceedings does not toll the limitation period.  *See Lawrence v. Florida*, 549 U.S. 327, 331-333 (2007).

Accordingly, only the period between March 26, 2008, and September 29, 2010, is tolled due to the pendency of the Petitioner's state post-conviction petition.  *See* 28 U.S.C. § 2244(d)(2).

## C.

The Petition is untimely.  More than seven months ran between the conclusion of direct review and the filing of the state post-conviction petition.  Approximately ten months elapsed between the denial of his petition for leave to appeal by the Supreme Court of Illinois and the filing of the Petition in this Court.

Thus, the Petition was filed after the one-year limitation period had expired.

## III.

The only way that the Petition could go forward is if the Petitioner could establish that he is entitled to equitable tolling.  Courts may apply

the doctrine of equitable tolling to excuse the untimely filing of a habeas corpus petition.  *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). This is a daunting task, because equitable tolling is considered to be an extraordinary form of relief, and it is rarely granted.  *See Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

"In deciding that the AEDPA limitations period should be equitably tolled, the district court must determine that the petitioner has pursued his rights diligently and extraordinary circumstances beyond his control stood in the way of the timely filing of his petition."  *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Supreme Court has stated that the doctrine of equitable tolling is to be applied on a case-by-case basis, and that instead of focusing on mechanical rules, the analysis should be flexible.  *Holland*, 560 U.S. at 2563.  The Supreme Court noted that this flexible approach allows courts to tackle new situations and provide relief to particular injustices. *Id.* (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944)).

In his Response, the Petitioner has argued that he is entitled to equitable tolling because (1) he is inexperienced in legal matters, (2) counsel on direct review and state post-conviction review gave him bad advice and/or failed to advise him of his rights concerning § 2254, and (3) he has been diligent.

After carefully considering the Petitioner's request for equitable tolling, the Court concludes that he is not eligible for relief.  The Petitioner has failed to persuade the Court that the issues raised constitute "extraordinary circumstances."  The Court notes that there is no constitutional right to counsel in collateral proceedings.  *See Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987).  The remaining challenges the Petitioner faced (inexperience in legal matters and ignorance of collateral attack procedures) are common to most state prisoners seeking to collaterally attack their convictions under § 2254.

IV.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing Section 2254 Proceedings.  "A certificate of appealability may

9

issue . . . only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "An applicant

has made a substantial showing where reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate

to deserve encouragement to proceed further."  *Arredondo v. Huibregste,*

542 F.3d 1155, 1165 (7th Cir. 200) (quotation marks omitted).

The Supreme Court has given the following guidance regarding

certificates of appealability when petitions are denied on procedural

grounds:

> When the district court denies a habeas petition on procedural grounds
> without reaching the prisoner's underlying constitutional claim, a
> [certificate of availability] should issue when the prisoner shows, at
> least, that jurists of reason would find it debatable whether the petition
> states a valid claim of the denial of a constitutional right and that jurists
> of reason would find it debatable whether the district court was correct
> in its procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Supreme Court went on to note that when a district court

disposes of a case because of a plain procedural bar, "a reasonable jurist

10

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Reasonable jurists would not dispute that the Petition is time-barred, and that the Petitioner does not qualify for equitable tolling.  In addition, reasonable jurists would not find it debatable whether the Petitioner has stated a valid claim for the denial of a constitutional right.

Accordingly, the Court will not issue a certificate of appealability. If the Petitioner wishes to appeal this Court's ruling, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

V.

*Ergo*, the Respondent's Motion to Dismiss [d/e 6] is ALLOWED.

The Petition [d/e 1] is DISMISSED WITH PREJUDICE as time-barred.

The Court declines to issue a certificate of appealability.

The Clerk is directed to prepare a written judgment and close this case.

IT IS SO ORDERED.

11

ENTER: September 7, 2012

FOR THE COURT:                              */s/ Richard Mills*
                                    _____
                                            Richard Mills
                                    United States District Judge